IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1999 SESSION



**FILED**

**December 20, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** )<br>)<br>Appellee, )<br>)<br>VS. )<br>)<br>)<br>**OSCAR POLK, JR.,** )<br>)<br>Appellant. )<br>) | **C.C.A. NO. W1999-01935-CCA-R3-CD**<br><br>**HARDEMAN COUNTY**<br><br>**HON. JON KERRY BLACKWOOD,**<br>**JUDGE**<br><br>(First-Degree Murder - 2 Counts;<br>Aggravated Assault - 2 Counts) |

FOR THE APPELLANT:            FOR THE APPELLEE:


**GARY F. ANTRICAN**
District Public Defender

**RICKEY GRIGGS**
    -and-
**SHANA MCCOY-JOHNSON**
Asst. District Public Defenders
P.O. Box 700
Somerville, TN 38068

**C. MICHAEL ROBBINS**
46 North Third St., Suite 719
Memphis, TN 38103
    (On Appeal)

**PAUL G. SUMMERS**
Attorney General & Reporter

**CLINTON J. MORGAN**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**ELIZABETH RICE**
District Attorney General

**WALT FREELAND**
Asst. District Attorney General
302 Market St.
Somerville, TN 38068-1600

OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was convicted by a jury of two counts of first-degree murder and two counts of aggravated assault. The defendant was sentenced to a term of life imprisonment for each first-degree murder conviction and a term of four years for each aggravated assault conviction. The defendant's subsequent motion for a new trial and/or judgment of acquittal was denied by the trial court. The defendant now appeals and contends that the evidence is insufficient to sustain his first-degree murder convictions. After a review of the record and applicable law, we find no merit to the defendant's contentions and thus affirm the judgment of the trial court.

The evidence presented at trial established that on July 26, 1997, the defendant went to a local gathering place known as "Luther Griggs" where he encountered Hester Harris and Ricco Lake. According to witnesses, the defendant asked Mr. Harris why Mr. Harris no longer spoke to him. An argument ensued, after which the defendant stood in the road, broke a beer bottle, and said something to the effect of, "Some of you boys going to die tonight." The defendant then left Luther Griggs. Later that evening, the defendant went to a local club known as DeJaVu. Mr. Harris and Mr. Lake also went to DeJaVu that evening. According to witnesses, the people on the dance floor at DeJaVu began to engage in a form of dancing known as "gangster walking." During this dance, people on the dance floor began bumping into each other. At some point, the disc jockey turned on the main lights and asked the people on the dance floor to calm down. After the main lights were turned off, several shots were fired. Mr. Harris, Mr. Lake, Crystal Brown, and Sheena Cashier were shot. Mr. Harris and Mr. Lake died as a result of their gunshot wounds.

At trial, Dennis Tucker testified that he had seen both the defendant and Kenneth Bills with guns when they ran out of DeJaVu after the shooting. Roshanta Harris testified that she realized the defendant had a gun seconds before he started shooting. She testified that she was approximately six or seven feet from the defendant when he began shooting. Another trial witness, Tony Walker, testified that he was standing on the

2

dance floor next to the defendant at the time of the shooting. Mr. Walker stated that he had seen the defendant shooting a gun and had seen Mr. Harris and Mr. Lake fall to the ground. Mr. Walker further testified that the defendant had fired four shots in the direction of Mr. Harris and Mr. Lake and two shots in the direction of the disc jockey booth. Mr. Walker stated that at the time of the shooting he was also standing near Mr. Bills, but he had not seen Mr. Bills with a gun. Antrail Robertson and Michikia Beauregard were also present at the time of the shooting and both testified that they had seen the defendant firing a gun. Neither witness had seen anyone else with a gun at that time.

The defendant now contends that the evidence with which he was convicted was insufficient to support his two first-degree murder convictions. A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The defendant contends that the only proof tending to connect him to these crimes is the testimony of several State witnesses. The defendant points out that a defense witness, Rhonda Cross, testified that Mr. Bills was actually the gunman and

3

Stephanie Phinnessee testified that she saw Mr. Bills outside DeJaVu with a gun after the shooting. The defendant also attacks the credibility of Mr. Walker who testified that the defendant fired the shots that killed Mr. Harris and Mr. Lake. The defendant argues that the facts established in the record are "wholly insufficient to establish beyond reasonable doubt that it was the defendant who did the shooting on the night in question at the DeJaVu Club."

It is well settled law that the identity of the defendant as the person who committed the crime for which he is on trial is a question of fact for the determination of the jury after consideration of all the competent proof. White v. State, 533 S.W.2d 735, 744 (Tenn. Crim. App. 1975). In addition, questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). As it is within the province of the jury to determine the credibility of witnesses and the weight to be given to their testimony, it was proper for the jury to accredit the testimony of the State's witnesses identifying the defendant as the gunman. The defendant has failed to illustrate that the proof contained in the record as well as all reasonable and legitimate inferences which could be drawn therefrom, was insufficient for the jury to find the defendant guilty beyond a reasonable doubt. The defendant's contentions are thus without merit.

Accordingly, the defendant's convictions are affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

4

_____
NORMA M. OGLE, Judge


_____
ALAN E. GLENN, Judge